**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JESSICA CALLAN SOLEM** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **HORSESHOE TRAIL FARM, LLC,** | : | |
| **UPLAND FARM, INC.** | : | |
| **COLLIN MCNEIL** | : | |
| **AND VIRGINIA MCNEIL** | : | **NO. 22-1815** |

<u>**MEMORANDUM OPINION**</u>

Savage, J.                                                      September 22, 2022

This action arises from the plaintiff Jessica Callan Solem's employment relationship with the defendant Horseshoe Trail Farm, LLC ("HTF").  For over ten years, Solem was the head horse trainer of HTF until she was demoted.  Rather than accept the new arrangement working under a new head horse trainer, she elected to sever the relationship, characterizing her departure as a forced resignation.[1]  She claims that the defendants refuse to pay her outstanding wages and other compensation, and to reimburse her for expenses in violation her employment agreement.[2]  In addition to suing HTF, she sues two officers of HTF, Collin McNeil and Virginia McNeil.[3]

The defendants Collin McNeil and Virginia McNeil have moved to dismiss the complaint against them, arguing that it fails to allege sufficient facts to state a claim against them in their individual capacities. The defendants move to dismiss the tort claims of unjust enrichment, quantum meruit, conversion, and fraud in the inducement as barred

---

[1] Pl.'s Compl. at ¶ 6 (ECF No. 1).

[2] *Id.* at ¶ 58.

[3] Plaintiff does not object to dismissing Upland Farm, Inc. as a defendant.

by the gist of the action doctrine and the economic loss rule.  They also move to strike the demand for punitive damages.

Accepting the properly pled facts in the complaint as true and drawing all reasonable inferences from them in favor of Solem, we conclude that she has not stated a cause of action for unjust enrichment or quantum meruit, and that the gist of the action bars the conversion and fraud in the inducement claims.  She has not stated a cause of action for breach of contract against Virginia McNeil and Collin McNeil.  We shall strike the claim for punitive damages.

## Background

Solem began working as the head horse trainer at HTF on April 1, 2010, pursuant to an employment agreement.[4]  The agreement required HTF to pay Solem a salary of $52,000 and fees for coaching and lessons, bonuses, prize money and awards, and commissions for selling and leasing horses.[5]  Solem split her time as head horse trainer for the farm in Pennsylvania and farms in Florida.[6]

Solem alleges that following her missing a horseshow in the Fall due to an injury, the McNeils were "disappointed" to lose out on the costs of preparing for the show and the missed opportunity to showcase a horse.[7]  Solem asserts that she was effectively demoted and replaced as head horse trainer.[8]  Virginia McNeil presented Solem with three options: (1) work under the supervision of the new head horse trainer; (2) stop riding

---

[4] Pl.'s Compl., at ¶ 20.

[5] *Id.* at ¶¶ 24, 25.

[6] *Id.* at ¶ 30.

[7] *Id.* at ¶ 34.

[8] *Id.* at ¶ 38.

and competing with her favorite horse; or (3) leave HTF.[9]  Rather than accept the new arrangement, Solem opted to terminate the employment relationship.[10]

Solem seeks compensatory damages of $725,376.00 in commissions, $57,500 for mileage reimbursement for work-related travel, and $17,000 for unused vacation time.[11] She also requests attorneys' fees, liquidated damages, and punitive damages.[12]

## Standard of Review

### F.R.C.P. § 12(b)(6)

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

All well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor.  See *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).

With these principals in mind, we analyze each cause of action in Solem's complaint.

---

[9] *Id.* at ¶ 40.

[10] *Id.* at ¶ 41.

[11] *Id.* at ¶ 59.

[12] *Id.* at Prayers for Relief.

**Analysis**

*Unjust Enrichment (Count II) and Quantum Meruit (Count III)*

In Count II, Solem alleges the defendants have been unjustly enriched by retaining the monies that are due her under the employment agreement.[13]  Although Solem titles Count III as a quantum meruit cause of action, she alleges that the defendants were "unjustly enriched" by refusing to pay her "for services rendered."[14]  Giving her the benefit of the doubt, we shall treat Count III as a quantum meruit claim.

In Pennsylvania, quantum meruit and unjust enrichment claims provide restitution where there is no express contract.  *Durst v. Milroy Gen. Contracting, Inc.*, 52 A.3d 357, 360 (Pa. Super. Ct. 2012) (citing *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 532 n.8 (Pa. 2010).  An unjust enrichment claim can only arise when the relationship is not covered by a written contract.  *Ne. Fence & Iron Works, Inc. v. Murphy Quingley Co.,* 933 A.2d 664, 669 (Pa. Super. Ct. 2007).  Although a plaintiff may generally plead alternative breach of contract and unjust enrichment claims, she cannot do so where there is an indisputable express contract.  *Khawaja v. RE/MAX Cent.*, 151 A.3d 626, 633 (Pa. Super. Ct. 2016) (citations omitted).  Similarly, where the cause of action is based on an express contract, the plaintiff cannot recover on a quantum meruit theory.  *Shafer Elec. & Const. v. Mantia,* 96 A.3d 989, 996 (Pa. 2014); *Rudinski v. Hawk*, 2020 WL 1490951, at *3 (Pa. Super. Ct. Mar. 27, 2020).

---

[13] *Id.* at ¶ 66.

[14] *Id.* at ¶ 72.

The parties agree there is an express, written contract.[15]  In her claims for unjust enrichment and quantum meruit, Solem alleges that the defendants refused to pay her for services rendered in the course of her employment in accordance with the employment agreement.[16]  Because the parties' relationship is indisputably governed by a written contract, Solem cannot plead unjust enrichment and quantum meruit claims as alternative causes of action.  Therefore, we shall dismiss the unjust enrichment and quantum meruit claims.

*Conversion (Count IV) and Fraud in the Inducement (Count V)*

Defendants argue that the gist of the action doctrine bars Solem's tort claims, specifically, unjust enrichment, quantum meruit, conversion, and fraud in the inducement. Having dismissed the unjust enrichment and quantum meruit claims, we shall confine our gist of the action analysis to the conversion and the fraud in the inducement claims.

Pennsylvania's gist of the action doctrine precludes a plaintiff from bringing what is actually a breach of contract claim as a tort claim.  *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014).  The doctrine maintains the distinction between causes of action founded on the breach of a contractual duty created by the parties' relationship and those based on the breach of a social duty imposed by society on all individuals.  *Id.*

In determining whether the gist of the action is based on a contract or a tort, we look to the nature of the duty allegedly breached.  *Id.* at 63.  If the claim arises directly from a breach of a contractual duty created by the parties, it is a contract action.  If the claim arises from the violation of a broader social duty imposed by society and not by the

---

[15] Reply, at 2 (ECF 20).
[16] *Id.* at ¶¶ 63, 71.

parties to the action, it is a tort action.  *Id.*  Thus, the substance of the allegations in the complaint is of "paramount importance."  *Id.* at 68.

The fact that there is a contract between the parties does not necessarily mean that a party's claim for injury or loss resulting from the other party's conduct in performing the contract is a claim for breach of contract.  A breach of contract cause of action is based on the breach of a specific executory promise in the contract.  *Id.* at 70.  Where it is alleged that the defendant breached a duty that exists "independently and regardless of the contract" and was not created by the parties, it is a tort action.  *Id.* at 63.

Turning to Solem's tort claims of conversion and fraud in the inducement, we analyze whether those claims are based on the terms of the written contract or on a social duty.  Solem asserts that HTF refused to pay what was owed to her "pursuant to the terms of the Employment Agreement."[17]  She has not alleged a violation of a broader social duty.  Nor can we discern any.

A conversion claim based solely on the failure to pay as required under a contract is barred by the gist of the action doctrine.  *Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572, 584 (Pa. Super. Ct. 2003).  The failure to pay a debt, as is the case here, is not conversion.  Thus, the gist of the action doctrine bars Solem's conversion claim.

With respect to the fraud in the inducement count, Solem claims that the defendants made representations and promises to pay her "certain wages, compensation, bonuses, prize money, awards, commission income, and/or fringe benefits" in exchange for services as head horse trainer.[18]  These representations are

---

[17] Pl.'s Compl. at ¶ 77.

[18] *Id.* at ¶ 82.

6

express promises made in the contract. The fraud she alleges arose from the parties' contractual relationship.  Because these allegations are nothing more than a reiteration of the breach of contract cause of action, the fraud in the inducement claim is barred by the gist of the action doctrine. *See eToll, Inc. v. Elias/Savion Advert., Inc.*, 811 A.2d 10, 20-21 (Pa. Super. Ct. 2002) (explaining that where the fraud claim duplicates a breach of contract action, it is barred by the gist of the action doctrine.)

*McNeils' Liability*

Collin and Virginia McNeil argue that they cannot be personally liable because they acted as officers and agents of HTF.[19]  They are correct.

An agent is not liable in a contract action for the actions of its principal, unless the agent specifically agrees to assume liability. *Scungio Borst & Assocs. v. 410 Shurs Lane Developers*, LLC, 106 A.3d 103, 109 (Pa. Super. Ct. 2014) (citing *In re Estate of Duran*, 692 A.2d 176, 179 (Pa. Super. Ct. 1997)).  When an agent acts within the scope of his or her authority, he or she is not personally liable to the contracting party.  *Geyer v. Huntingdon Cnty. Agric. Ass'n*, 66 A.2d 249, 250 (Pa. 1949).

Virginia McNeil and Collin McNeil signed the contract as Vice President/Secretary and President, respectively, of Horseshoe Trail Farm, LLC.[20] The employment agreement states that it is "by and between HORSESHOE TRAIL FARM, LLC, … and CALLAN SOLEM."[21]  The McNeils signed the contract as officers and agents for HTF.

---

[19] Because the tort claims have been dismissed, we consider the McNeils' liability in the context of the breach of contract claim only.  The WPCL does allow for personal liability where the corporate agent played an active role in the violation.  *Mohney v. McClure*, 568 A.2d 682, 685 (Pa. Super. Ct. 1990), aff'd, 529 Pa. 430, 604 A.2d 1021 (Pa. 1992).  The defendants have not moved to dismiss the WPCL count.

[20] Pl.'s Compl. Ex. A, at 1.

[21] *Id.* at 8.

Solem argues that Virginia and Collin McNeil are liable because they personally held meetings with Solem, hired her replacement, and imposed upon her ultimatums.[22] These allegations show that the McNeils were acting as agents of the employer, HTF, in the course of its business. That does not make them individually liable.[23] Therefore, we shall grant the motion to dismiss the breach of contract count against Virginia and Collin McNeil.

*Punitive Damages*

Having dismissed the tort claims, only the breach of contract and the WPCL claims survive. Punitive damages are not recoverable in a breach of contract action. *Brandt v. Master Force Constr. Corp.*, 2020 WL 1922500, at *10 (Pa. Super. Ct. Apr. 21, 2020) (citing Johnson v. Hyundai Motor America, 698 A.2d 631, 639 (Pa. Super. Ct. 1997)). Nor does the WPCL allow for punitive damages. The WPCL provides a statutory remedy of liquidated damages in lieu of punitive damages. *Andrews v. Cross Atl. Cap. Partners, Inc.*, 158 A.3d 123, 137 (Pa. Super. Ct. 2017) (citing 43 P.S. § 260.10). It does not create other substantive rights to compensation. *Id.*

**Conclusion**

We shall grant the motion to dismiss Counts II and III for failure to state a claim upon which relief may be granted and Counts IV and V because they are barred by the gist of the action doctrine. We shall dismiss Count I as to the defendants Collin McNeil and Virginia McNeil. We shall strike the claim for punitive damages.

---

[22] Resp. at 9 (ECF No. 18).

[23] Solem also asserts that "the participation theory" permits a claim against the defendants in their individual capacities because as corporate officers they personally took part in the corporate actions. Resp. at 8. The participation theory does not apply to contract disputes. *Accurso v. Infra-Red Servs., Inc.*, 23 F. Supp. 3d 494, 507 (E.D. Pa. 2014). It is a theory of tort liability. *Id.*